**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUAN CARLOS SAAVEDRA**, <br><br> Plaintiff, <br><br> vs. <br><br> **BENITEZ LANDSCAPING AND CLEANING SERVICE, LLC,** <br> **and VICTOR BENITEZ, individually.** <br><br> Defendants. | Case No.: <br><br> **COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff JUAN CARLOS SAAVEDRA ("SAAVEDRA" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants BENITEZ LANDSCAPING AND CLEANING SERVICE, LLC, ("Benitez LLC") and VICTOR BENITEZ, individually ("Benitez"), (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt laborers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt landscaping duties for the Defendants in New Jersey and based from Defendants' business located in Warren, Somerset County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant Benitez, LLC, is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants' own, operate, and/or manage a landscaping business, which performed work throughout New Jersey and throughout the tri state area. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and product which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

# PARTIES

**Plaintiff**

8. Plaintiff Saavedra is an adult individual who is a resident of North Plainfield, Somerset County, New Jersey.

9. Plaintiff Saavedra was employed by Defendants full time as a landscape laborer.

10. Plaintiff worked for Defendants from in or about June 1, 2015, through in or about November 15, 2015.

**Corporate Defendant**

11. Upon information and belief, the Defendants own and/or maintain a landscaping company that performs work throughout the State of New Jersey.

12. Upon information and belief, the Defendant Benitez, LLC, is headquartered in Warren, Somerset County, New Jersey.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant Benitez, LLC, employs individuals to perform labor services on behalf of the Defendants. Upon information and belief, at all times relevant to this Complaint, the Defendant Benitez LLC's annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, the Defendant Benitez, LLC was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**Individual Defendant**

15. Upon information and belief, Defendant Benitez is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Benitez has been an owner, partner, officer and/or manager of the Defendant Benitez, LLC.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Benitez has had power over personnel decisions at the Defendant Benitez, LLC, business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Defendant Benitez was on the site that Plaintiff worked on a daily basis.

19. Benitez directed Plaintiff on how to complete the work, and how long Plaintiff should spend in doing the work.

20. Benitez supervised Plaintiff.

21. Plaintiff did not share in the profits of Defendants.

## **FACTS**

22. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

23. Plaintiff Saavedra was paid $12.00 per hour for all hours worked.

24. Plaintiff Saavedra routinely worked six (6) to seven (7) days per week.

25. Plaintiff Saavedra worked from 7:00 am to 7:00 pm or 9:00 pm.

26. Therefore, on average Plaintiff worked approximately seventy-two (72) to eighty-five (85) hours per week.

27. Plaintiff Saavedra was not paid time and one half for his hours over forty (40) in a work week.

28. Upon information and belief, employees similarly situated to Plaintiff were also only compensated for forty (40) hours per week, regardless of the number of hours that they worked each and every workweek.

29. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

30. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

31. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

32. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

33. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

34. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

35. The additional persons who may become Plaintiffs in this action are Defendants non-exempt employees who have worked overtime hours in one or more work periods, on or after April 12, 2014, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

36. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him

individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

37. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 36 above.

38. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

39. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

40. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to him at time and one half of their regular rate of pay for their overtime hours worked in a work period.

41. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

42. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

43. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 42 above.

44. Defendants' aforementioned conduct is in violation of the NJWHL.

45. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

46. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff JUAN CARLOS SAAVEDRA, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants BENITEZ LANDSCAPING AND CLEANING SERVICE, LLC, and VICTOR BENITEZ, individually, for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: April 12, 2017            Respectfully submitted,

 /s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
Andrew I. Glenn
Email: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*